UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL SHEEHAN, | No. CV 10-7386 (CW) |
| Plaintiff, | MEMORANDUM & ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented under 28 U.S.C § 636(c), to the jurisdiction of the undersigned Magistrate Judge. In this action, Plaintiff seeks review of the Commissioner's decision in his case to the extent it denies his application for Disability and Disability Insurance Benefits ("DIB") sought under Title II of the Social Security Act (the "Act"). The parties agree that this denial is in error and should be reversed, but disagree about the nature and scope of the consequent remand.

Accordingly, and as set forth below, the Magistrate Judge finds that the portion of the Commissioner's decision denying plaintiff's application for DIB should be reversed and remanded to the Social Security Administration for further proceedings consistent with this order. To the extent the Commissioner found plaintiff was disabled as of March 2008 under Title XVI of the Social Security Act, the decision is affirmed.

# I. BACKGROUND

Plaintiff, Daniel Sheehan, was born on January 10, 1961; he was forty-five years old on the date last insured and forty-nine when he appeared at his administrative hearing. [Administrative Record "AR," 15, 121]. He has a tenth-grade education and past relevant work experience as an auto mechanic. [AR 28, 259]. Plaintiff alleges disability on the basis of rheumatoid arthritis, tendonitis of the right elbow, depressive disorder, hepatitis C, and back pain. [AR 17, 255].

# II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on October 5, 2010. On April 18, 2011, defendant filed an answer and plaintiff's Administrative Record ("AR"). On June 10, 2011, the parties filed their Joint Stipulation[1] identifying matters not in dispute, issues in dispute, the positions of the parties, and the nature of the remand sought by each party. This matter has been taken under submission without oral argument.

# III. PRIOR ADMINISTRATIVE PROCEEDINGS

This is Plaintiff's second attempt to obtain benefits under the Act; his prior claims were denied in August 2005. [AR 14.] Central to this action, on March 10, 2008, Plaintiff applied for both DIB under Title II and for supplemental security income ("SSI") under Title XVI of the Act, alleging disability since November 17, 2004. [AR 14]. It is uncontested that plaintiff met the insured status requirements of the Act only through December 31, 2006. [AR 16; see JS.]

After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on March 3, 2010, before Administrative Law Judge

---

[1] The parties' submission is not in true joint stipulation format. According to the document submitted by the parties, due to a word processing incompatibility they were unable to create a unified document and so, instead, they submitted two discrete memoranda stapled together. *On this occasion only* the court will accept the non-conforming submission. The parties are cautioned, however, that a failure to follow local rules and this court's instructions may result in future submissions being returned without filing. Plaintiff's portion of the purported joint stipulation will be referred to as "PJS." Defendant's portion will be referred to as "DJS."

1  ("ALJ") Patti Hunter [Transcript, AR 24-57]. Plaintiff appeared with counsel, and testimony
2  was taken from both plaintiff [AR 26-49] and vocational expert ("VE") David VanWinkle [AR
3  50-56].
4  The ALJ issued a partially favorable decision on March 26, 2010 [AR13-23], finding
5  plaintiff was not disabled prior to December 31, 2006, for purpose of his DIB application but
6  finding that he was disabled as of March 10, 2008, qualifying plaintiff for Title XVI benefits.
7  When the Appeals Council denied review on September 1, 2010, the ALJ's decision became the
8  Commissioner's final decision. [AR 1-4].
9  This action followed.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decisions should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its

judgment for that of the Commissioner. Reddick, 157 F. 3d at 720-721; see also Osenbrock, 240 F. 3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits, a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C.§ 423(d)(1)(A).

Disability claims are evaluated using a five step test:

> Step one: is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404 Subpart Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S.137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-1099; 20 C,F,R § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that,

4

considering residual functioning capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R § 404.1520.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, after finding that plaintiff last met insured status requirements of the Act through December 31, 2006, the ALJ found the plaintiff had engaged in substantial gainful activity ("SGA") in 2006, but had not engaged in SGA as of his application date of March 10, 2008 (step one). [AR 15.] She further found that plaintiff had the "severe" impairments of rheumatoid arthritis, tendonitis of the right elbow, depressive disorder, anxiety disorder, and a history of alcohol abuse in remission (step two); and that he did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 15-19]. She found that plaintiff was restricted to a limited range of sedentary work with restrictions to frequent bending, stooping, kneeling, crouching and crawling prior to September 2006. She further found that the plaintiff was disabled and unable to perform even sedentary work since March 2008 (step four). [AR 20-21].

Based upon the testimony of the VE, the ALJ concluded that as of March 2008, plaintiff's limitations would preclude him from returning to his past relevant work. [AR 21]. At step five, the ALJ determined, moreover, that based on the plaintiff's age, education, work experience, and his post-March 10, 2008, RFC there were no jobs that existed in significant numbers in the national economy that the claimant could perform. [AR 22].

Accordingly, plaintiff was found "not disabled" for purposes of his DIB claim in light of

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. §404.1569a(c).

the step one finding as to the period insured status, but was found to be disabled effective March 10, 2008, for purposes of his SSI claim. [AR 22-23].

**C. ISSUES IN DISPUTE**

Although the parties have identified four disputed issues, this action hinges on whether the ALJ made legally sufficient findings at step one of the sequential evaluation with regard to his DIB application. [PJS 22; DJS11.]  Because the ALJ materially erred in that regard, the DIB denial must be reversed.

### 1. <u>**Substantial Gainful Activity**</u>

As part of what he has labeled issue four, plaintiff contends the ALJ erred at step one because she failed to properly consider evidence that plaintiff did not engage in SGA at any time in 2006. [PJS 16-18.]  Although defendant contends the credibility assessment was sufficient [DJS 7-10], in his response to what is labeled as issue three he urges that remand is appropriate because the ALJ did not specifically discuss plaintiff's testimony that he was no longer able to work as of September 2006.

Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities. 20 C.F.R. §§ 404.1571-404.1572, 416.971-416.975. Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity. For work that occurred in 2006, monthly earnings of approximately $860 are presumptive evidence that the plaintiff engaged in SGA at that time. 20 C.F.R. § 404.1574(b).

The existence of earnings over that statutory minimum is not dispositive of SGA, however. <u>Id.</u> Notwithstanding earnings in this range, a plaintiff may rebut the presumption that he was engaged in SGA with evidence that he was unable to "perform the job well, without special assistance, or for only brief periods of time." <u>Id.</u> Among factors that may be considered are "how well the person is able to perform the work" and any "special conditions" under which he performs it. <u>Keyes v. Sullivan</u>, 894 F.2d 1053, 1056 (9th Cir.1990).

Special conditions are those that "take into account [the] impairment." 20 CFR §

404.1573.  Factors that may show a plaintiff worked under such conditions may include that he:

(1) required and received special assistance from other employees in performing work;

(2) was allowed to work irregular hours or take frequent rest periods;

(3) was provided with special equipment or was assigned work especially suited to the impairment;

(4) was able to work only because of specially arranged circumstances, such as persons preparing for or getting plaintiff from work;

(5) was permitted to work at a lower standard than other employees; or

(6) was given the opportunity to work due to family relationships, past association with an employer or the employer's concern for the plaintiff's welfare.

Id.

At this and at all stages of the sequential evaluation, the ALJ must make full and detailed findings of fact which are essential to the ALJ's conclusion so that a reviewing court may determine the basis for the decision and whether substantial evidence supports the Commissioner's decision. Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981).

Here, the ALJ's step one analysis does not meet this standard.  The ALJ found that plaintiff's earnings of approximately $11,722.66 in 2006 – which she found were earned while plaintiff worked approximately 30 hours weekly from January to September doing some degree of light mechanical tasks – presumptively constituted SGA. [AR 17.]  Plaintiff provided substantial evidence to rebut the SGA presumption, however.  He testified that he did not work regularly, that he was given the work only because a friend of 20-years – also a former employer – was concerned for his welfare, that the friend allowed him to live at the work site, gave him work that did not have to be completed on a schedule, and permitted him to take breaks at random times and return to work at odd hours.  He also testified that he stopped working entirely by September 2006 because even the flexible work he was engaged in was too physically

difficult for him. [AR 29-31.] Based on this testimony, it would appear that plaintiff was not engaged in SGA in 2006. Lewis v. Apfel, 236 F.3d 503 (9th Cir. 2001) (even regular part-time work during an alleged period of disability is not SGA if the work was for short periods and when, as plaintiff's testimony suggests here, the work is not of the nature that suggests the plaintiff could work for that long on a sustained basis).

The ALJ did not, however, specifically discuss this testimony at step one or at any subsequent stage of the sequential evaluation. Indeed, in the credibility evaluation the ALJ referred to this evidence only in passing, concluding that an argument by plaintiff that the 2006 work was not SGA was "not credited." [AR 20.] This is insufficient. If the ALJ chooses to disregard a plaintiff's statements, she must set forth specific cogent reasons for her disbelief. Lewin v. Schweiker, 654 F.2d at 635. See also Robbins v. Comm'r, 466 F.3d 880, 884-885 (9th Cir. 2006) (ALJ erred in discounting credibility of plaintiff's testimony by failing to provide a "'narrative discussion' that 'contains specific reasons for the finding . . . supported by the evidence in the case record' nor was his brief notation 'sufficiently specific to make clear . . . the weight the adjudicator gave to the individual's statements and the reasons for that weight,' as he is required to do") (citing Social Security Rulings 96-7p and 96-8p). Although the ALJ broadly discussed whether plaintiff was able to work in 2006 at step four of the sequential evaluation, her discussion of the medical evidence, like her discussion of plaintiff's testimony, was not sufficiently specific, see Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (the Commissioner must explain why "significant probative evidence has been rejected"), and, moreover, it centered to a large degree on the legally deficient finding that plaintiff was engaged in unsheltered work activities in 2006. [See AR 20-21.] Thus, the court is unable to gauge whether substantial evidence supports the DIB denial.

Accordingly, the decision denying plaintiff's application for DIB is reversed.

### 2. **Remand for Further Administrative Proceedings**

Once a disability determination has been found to be in error, the decision whether to

remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). Where there are outstanding issues that must be resolved before a determination can be made, however, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

In this action, apart from the step one issue that is the basis for the remand, the parties also dispute whether: (1) the RFC finding and VE testimony directs a finding that plaintiff is disabled and entitled to DIB; (2) the ALJ improperly rejected the treating physician's opinion by failing to explain why she rejected his opinion that plaintiff was disabled for six years; (3) the ALJ violated Social Security Ruling 83-20 by failing to obtain evidence from a medical expert to properly determine an onset date of disability; and (4) the ALJ improperly discredited plaintiff's testimony and a third-party written statement. As mentioned above, however, the challenged findings turned on the ALJ's erroneous conclusion at step one that plaintiff was engaged in SGA during the relevant time period. Accordingly, the record is insufficiently developed to permit the court to gauge whether plaintiff was disabled during 2006 and what the onset date of his disability might have been. Upon remand, the ALJ shall evaluate the record as a whole in assessing plaintiff's RFC prior to December 31, 2006, and in determining the specific onset date of any disability.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner denying plaintiff's claim for DIB under Title II of the Act is **REVERSED**.

2. The decision to award SSI benefits under Title XVI of the Act is **AFFIRMED**.

3. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with the above.

4. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 19, 2011

                                        /s/ Carla M. Woehrle
                                        CARLA M. WOEHRLE
                                        United States Magistrate Judge